IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    No. 1:18-cr-10001-JDB-1

CALVIN COLE,

    Defendant.

_____

ORDER STRIKING DEFENDANT'S PRO SE MOTION FROM THE DOCKET
_____

    Defendant, Calvin Cole, is currently in pretrial detention at the West Tennessee Detention Facility in Mason, Tennessee, awaiting sentencing, which is set for June 11, 2020. According to the docket, he is represented by Attorney Joe H. Byrd, Jr. Before the Court is his pro se motion for temporary release pending sentencing in light of the ongoing COVID-19 pandemic.

    "It is well settled that there is no constitutional right to hybrid representation." *United States v. Steele*, 919 F.3d 965, 975 (6th Cir. 2019) (quoting *United States v. Cromer*, 389 F.3d 662, 681 n.1 (6th Cir. 2004)). Title 28 U.S.C. § 1654 permits parties in the federal courts to "plead and conduct their own cases personally or by counsel[.]" The Sixth Circuit has "interpreted this provision as allowing a litigant to represent himself pro se or to obtain representation -- but not both." *United States v. Rohner*, 634 F. App'x 495, 505 (6th Cir. 2015). That is, "[t]he right to defend pro se and the right to counsel have been aptly described as two faces of the same coin, in that waiver of one constitutes a correlative assertion of the other." *Miller v. United States*, 561 F. App'x 485, 488 (6th Cir. 2014) (quoting *United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987)). Courts generally will not consider a defendant's pro se motion when he is represented by

counsel.  *United States v. Modena*, 430 F. App'x 444, 448 (6th Cir. 2011).  As he is represented by able counsel, Cole's pro se motion is hereby STRICKEN from the docket.

    IT IS SO ORDERED this 8th day of May 2020.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE